*10*

**FILED**

**MAY 20 2010**

**CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CRIMINAL NO. 09-20295 |
| | HON. MARIANNE BATTANI |
| -vs- | Offense: Conspiracy to Commit Bribery and Extortion, and to File False Tax Returns, |
| **D-2   SAMUEL L. RIDDLE, JR.,** | 18 U.S.C. § 371 |
| Defendant. | Statutory Maximum Penalties: Up to 5 years in prison Up to $250,000 fine Up to 3 years Supervised Release |
| _____/ | |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Samuel L. Riddle, Jr. and the government agree as follows:

1. **GUILTY PLEA**

    A.  **Count of Conviction**

    *THIRD* SR

Defendant will enter a plea of guilty to **Count 1 of the Second Superseding Information**, which charges a Conspiracy to Commit Bribery and Extortion, and to File False Tax Returns, and for which the penalty is a maximum term of imprisonment of five years, a fine not to exceed $250,000, a special assessment of $100, and up to three years of supervised release.

   B.  **Elements of Offense**

The elements of Count 1 are:

One:  Two or more persons conspired, or agreed, to commit the crimes alleged, bribery, extortion, and the filing of false tax returns.

Two: The defendant knowingly and voluntarily joined the conspiracy.

Three: one or more overt acts were committed by a conspirator in furtherance of the illegal purpose.

Four: the defendant had the intent to commit bribery, extortion, and tax evasion.

<u>Elements of Bribery 18 U.S.C. § 666(a)</u>

An agent of a local government corruptly solicited, demanded, accepted, or agreed to accept something of value as described in the indictment;

The agent demanded, accepted, or agreed to accept the item of value for the purpose of being influenced or rewarded in connection with her official duties;

The solicitation, demand, acceptance, or agreement to accept the thing of value must have been in connection with any business, transaction, or series of transactions of the local government involving anything of value of $5,000 or more.

The local government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

<u>Elements of Extortion, 18 U.S.C. § 1951</u>

A co-conspirator was a public official, or held public office;

A co-conspirator/public official attempted to obtain property or services not due her or her office;

This property or service was to be given, with the consent of the giver, because of the official position of the co-conspirator; and

Interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

<u>Elements of Tax Evasion, 26 U.S.C. § 7206</u>

That the defendant made and subscribed a return, statement, or other document which was false as to a material matter;

That the return, statement, or other document contained or was verified by a written declaration that it was made under the penalties of perjury;

That the defendant did not believe the return, statement, or other document was true and

correct as to every material matter; and

That the defendant acted willfully in falsely making and subscribing the return, statement or other document-that is, in voluntary and intentional violation of a known legal duty.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

**Conspiracy to Commit Bribery**

During 2007, William Lattimore was an elected member of the Southfield City Council. The owner of a jewelry store in Southfield attempted to move the location of his store and hired the defendant to assist him in dealing with the City of Southfield in his relocation efforts. To facilitate the relocation, the defendant conspired with Lattimore and other individuals to pay a $7,500 bribe to Lattimore on or about August 1, 2007 and a $5,000 bribe to Lattimore on or about October 12, 2007. These payments were made with the intent to influence or reward Lattimore for his assistance, as a Councilman, in getting the proper approval for the relocation of the jewelry store. During the fiscal year that went from July 1, 2007 to June 30, 2008 the City of Southfield received more than $10,000 in federal funds.

**Conspiracy to Commit Extortion**

Between March 2006 through December 2007, the defendant Samuel Riddle and Monica Conyers, conspired to use Conyers' position as a member of the Detroit City Council and as a member of the Board of Trustees of the General Retirement System in order to extort money from people and companies having business before the city council and the pension board. In this regard, Riddle and Conyers conspired to extort money in connection with three transactions: (1) In 2007, Reggie Barnett was the owner of a technology company named Wireless Resources, and Barnett

sought a multi-million dollar investment from the pension board. Riddle and Conyers extorted $20,000 from Barnett in exchange for favorable consideration of Barnett's investment request. (2) In 2006 and 2007, Dimitrios Papas was a Detroit restaurant owner and developer who had business before the city council and pension board. Riddle and Conyers extorted $20,000 from Papas in exchange for favorable treatment on the city council and in connection with Papas' investment in a deep injection well under review by the Environmental Protection Agency. (3) In 2007, Synagro Technologies was seeking approval of a sludge contract with the Detroit City Council. Riddle and Conyers extorted money in connection with Conyers' vote for the Synagro contract on the city council.

The parties stipulate that the transactions set forth above involved and affected interstate commerce.

**Conspiracy to Evade Taxes**

Between November 2007 and August 2009, the defendant conspired with other individuals to evade payment of taxes to the Internal Revenue Service in connection with income and taxes owed by the defendant to the United States for the tax years 2006 and 2007. On December 13, 2007, the defendant signed his 2006 tax return. The defendant's 2006 return was false in that the return did not include income that the defendant had received from Dimitrios Papas, as detailed above. The defendant, with the assistance of other individuals, also made efforts to prepare and file the defendant's 2007 tax return with the IRS. Although the defendant was aware of income that the defendant had received in 2007 from Dimitrios Papas ($10,000), Reggie Barnett ($20,000), and Thomas LaBret ($30,000), this income was not included in the information supplied by the defendant to the defendant's tax preparer for purposes of preparing the defendant's 2007 return. The defendant

conspired with other individuals by agreeing with them to operate on a cash basis in order to evade the payment of taxes.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Sentencing Guidelines**

   The parties do not agree as to the applicable sentencing guideline range. However, in recognition of the sentence imposed on Monica Conyers by United States District Judge Avern Cohn in the related case of United States v. Monica Conyers, Case No. 09-20025-Cohn, wherein Conyers received a sentence of 37 months, the parties agree that the total sentence imposed on the defendant in this case, considering all three objects of the conspiracy, should not exceed **37 months**.

3. **SENTENCE**

   The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

   A. **Imprisonment**

   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the sentence set forth in Paragraph 2.

   B. **Supervised Release**

   A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that

results from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

The parties agree that the fine will be no more than the maximum amount of $250,000.

### E. Restitution

The Court may order restitution to every identifiable victim of defendant's offense. There is no agreement on restitution. If the Court orders restitution, the Court will determine who the victims are and the amounts of restitution they are owed.

### F. Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit his interest in any property, real or personal, constituting or derived from any proceeds traceable to a violation of 18 U.S.C. § 371, including but not limited to: a Breitling watch.

All of the above-referenced assets are hereinafter referred to as "Subject Property."

In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the Subject Property, the defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4.  **CASE RESOLVING NATURE OF PLEA AGREEMENT**

The defendant acknowledges and agrees that this plea agreement is part of a case-resolving, multi-defendant plea agreement that is conditioned upon the entry of a guilty plea by defendant Mary Waters under the terms of her individual written plea agreement. Should Mary Waters not enter a guilty plea in accordance with the plea offer made to her by the government in the form of a proposed written plea agreement, the defendant's plea agreement, i.e., the agreement set out in this document, will become null and void in its entirety, at the sole and unilateral election of the United States.

5.  **OTHER CHARGES**

As part of this plea agreement, the United States will dismiss the Second Superseding Indictment against the defendant in this case and the Third Superseding Indictment against the defendant in United States v. Samuel L. Riddle, Case No. 09-20025-Cohn.

6. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 2. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 2.

7. **STATE CONVICTION**

On May 5, 2010, the defendant was convicted in <u>State of Michigan v. Samuel Riddle</u>, in the Wayne County Circuit Court, of felonious assault and felony use of a firearm. The parties anticipate that on May 26, 2010, the defendant will receive a sentence of two years in state prison based on this conviction. Pursuant to Section 5G1.3, the parties make a joint recommendation, and the Court is not bound to follow this recommendation, that the sentence in this case be imposed to run concurrently with the sentence in the case against the defendant in the Wayne County Circuit Court.

8. **RIGHT TO APPEAL**

If the sentence imposed falls within the range allowed by Paragraph 2B, above, defendant waives any right to appeal his conviction or sentence. If the sentence imposed is above that range, defendant retains his right to directly appeal the Court's guideline determination. The government agrees not to appeal any sentence within the range recommended by the government, but retains the right to appeal any determination by the Court to apply a lower range.

9.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in worksheets submitted in connection with sentencing, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on <u>May 20, 2010</u>. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
KATHRYN MCCARTHY
Assistant United States Attorney
Chief, Special Prosecutions Unit

_____
ROBERT CARES
Assistant United States Attorney

_____
DAVID GARDEY
Assistant United States Attorney

Date: 5-20-10

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
JOHN MCMANUS
Attorney for Defendant

_____
SAMUEL L. RIDDLE, JR.
Defendant

Date: