UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAMUEL L. RIDDLE, JR. [D-2],

        Defendant.
_____/

Case No. 09-CR-20295

HONORABLE MARIANNE O. BATTANI

Magistrate Judge R. Steven Whalen

## **PRELIMINARY ORDER OF FORFEITURE**

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to the Rule 11 Plea Agreement wherein Defendant Samuel L. Riddle pled guilty to Count One of the Third Superseding Information and agreed to the forfeiture of One Men's Breitling Watch (Asset ID# 09-FBI-006015) which the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c), Defendant Samuel L. Riddle, Jr. shall forfeit to the United States One Men's Breitling Watch (Asset ID# 09-FBI-006015) .

2. The Court has determined, based on the evidence already in the record, including the Rule 11 Plea Agreement, that the Men's Breitling Watch (Asset ID# 09-FBI-006015) shall be forfeited to the United States, that Defendant has an interest in said Men's

Breitling Watch (Asset ID# 09-FBI-006015), and that the United States has established the requisite nexus between the Watch and the Conspiracy to Commit Offenses Against the United States violations to which Defendant Riddle pled guilty.

3. Upon the entry of this Order, the United States is authorized to maintain custody of the Men's Breitling Watch (Asset ID# 09-FBI-006015) and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including the publication and/or service of notice of this Order.

5. The United States shall publish notice of this Order and its intent to dispose of the property in such a manner as the Federal Bureau of Investigation and/or U.S. Marshals Service may direct, including publication on the official government internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in any of the forfeited properties.

6. Any person, other than Defendant Riddle, who wishes to assert a legal interest in any or all of the forfeited properties may, within thirty days of receipt of a written Notice of Forfeiture, or within sixty (60) days of the first date of publication of Notice of Forfeiture on the official government internet website, www.forfeiture.gov, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged

interest in the forfeited properties, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), which incorporates the procedures set forth in 21 U.S.C. § 853(n).

7. Pursuant to 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8. Any petition filed by a third party asserting an interest in the forfeited properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the forfeited properties, and any additional facts supporting the petitioner's claim and the relief sought.

9. Following the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Men's Breitling Watch (Asset ID# 09-FBI-006015) following the Court's disposition of all third-party interests, or, if none, following the expiration of the period for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS SO ORDERED**:

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
Dated: August 18, 2010                    UNITED STATES DISTRICT JUDGE